UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY WAYNE KITCHENS | CIVIL ACTION |
| VERSUS | NO. 08-0188 |
| WARDEN MAUER, ET AL. | SECTION "B"(4) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A** and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court determined that this matter can be disposed of without an Evidentiary Hearing.

**I.  Factual Summary**

The Plaintiff, Johnny Wayne Kitchens ("Kitchens"), was an inmate housed in the St. Bernard Parish Prison at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. Kitchens filed this suit against Warden Mauer and the St. Bernard Parish Prison claiming that the legal mail of inmates at the prison is opened without them being present; medication is distributed in a discriminatory manner; inmates are placed in isolation without a hearing; and cells are unnecessarily overcrowded.

## II.     Procedural Background

On May 9, 2008, the undersigned Magistrate Judge issued an Order scheduling a hearing pursuant to *Spears v. McCotter*,[1] for July 15, 2008;[2] however, that hearing was never held, because Kitchens was released from jail.[3] In lieu of holding a *Spears* hearing, the Court subsequently issued an Order directing Kitchens to submit a statement of facts in support of his claims and a list of his witnesses and exhibits on or before November 17, 2008.[4] Kitchens was expressly warned that failure to comply with the Order may result in dismissal of this lawsuit, and that Order was mailed to his last known address.[5] Despite that warning, Kitchens neither complied with that Order nor otherwise contacted the Court regarding his case.

## III.    Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. FED. R. CIV. P. 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Silas v. Sears,*

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* hearing is to ascertain the prisoner's allegations and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 12.

[3] Rec. Doc. No. 13.

[4] Rec. Doc. No. 15.

[5] *Id.*

*Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

Here, Kitchens willfully disobeyed the Court's order to submit a statement of facts to move this case forward on the docket. Accordingly, dismissal of his Complaint is proper under Rule 41(b) for his failure to prosecute this case.

**IV.   Recommendation**

It is therefore **RECOMMENDED** that the Complaint of Johnny Wayne Kitchens brought pursuant to 42 U.S.C. § 1983 against the Defendants, Warden Mauer and the St. Bernard Parish Prison, be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 2nd day of February, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**